Goshen Mtge., LLC v DePalma (2020 NY Slip Op 04830)





Goshen Mtge., LLC v DePalma


2020 NY Slip Op 04830


Decided on September 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.


2018-02539
 (Index No. 54224/16)

[*1]Goshen Mortgage, LLC, etc., respondent,
v
Carmine DePalma, et al., appellants, et al., defendants.


Joseph E. Ruyack III, Chester, NY, for appellants.
Jeffrey A. Kosterich, LLC, Tuckahoe, NY (Michael Li and Marin Kelly of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Carmine DePalma and Sharan Joan DePalma appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Westchester County (Lewis J. Lubell, J.), dated January 12, 2018. The order and judgment of foreclosure and sale, upon an order of the same court dated September 7, 2017, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants, for an order of reference, and for the disbursement of certain fire insurance proceeds to it and, in effect, denying those branches of those defendants' cross motion which were for summary judgment dismissing the complaint insofar as asserted against them and for the disbursement of the fire insurance proceeds to them, granted the plaintiff's motion for a judgment of foreclosure and sale and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, the plaintiff's motion for a judgment of foreclosure and sale is denied, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Carmine DePalma and Sharan Joan DePalma, for an order of reference, and for the disbursement of the fire insurance proceeds to it are denied, those branches of the cross motion of the defendants Carmine DePalma and Sharan Joan DePalma which were for summary judgment dismissing the complaint insofar as asserted against them and for the disbursement of the fire insurance proceeds to them are granted, and the order dated September 7, 2017, is modified accordingly.
On April 1, 2016, the plaintiff commenced this action to foreclose a mortgage given by the defendants Carmine DePalma and Sharan Joan DePalma (hereinafter together the defendants) as security for a $337,500 loan evidenced by a note dated July 22, 1996. The plaintiff alleged that the defendants defaulted in making their mortgage payment due on December 1, 2006, and all payments due thereafter. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, for an order of reference, and for the disbursement of certain fire insurance proceeds to it. The defendants opposed the motion and cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them as time-barred, based upon the acceleration of the note elected in a prior action commenced in 2005 (hereinafter the [*2]2005 action), and for the disbursement of the fire insurance proceeds to them. In opposition to the cross motion, the plaintiff asserted that the acceleration of the loan effected by the commencement of the 2005 action had been revoked by a loan modification agreement entered into in 2006.
In an order dated September 7, 2017, the Supreme Court granted the plaintiff's motion and, in effect, denied the defendants' cross motion. The order also directed that the insurance proceeds resulting from a 2012 fire at the subject property be released to the plaintiff, pursuant to Real Property Law § 254(4).
Thereafter, the plaintiff moved for a judgment of foreclosure and sale. In an order and judgment of foreclosure and sale dated January 12, 2018, the Supreme Court granted the plaintiff's motion and directed the sale of the subject property. The defendants appeal.
Intermediate orders which "necessarily affected the final judgment" are brought up for review and may be considered on this appeal from the order and judgment of foreclosure and sale (Matter of Aho, 39 NY2d 241, 248). Thus, contrary to the plaintiff's contention, the defendants may, in support of their appeal from the order and judgment of foreclosure and sale, rely on their statute of limitations defense, despite its having been rejected by the Supreme Court in intermediate orders.
On April 13, 2005, the original lender commenced the 2005 action to foreclose the subject mortgage, indicating, in the complaint, that it was exercising its option to accelerate the subject loan. On October 31, 2005, the defendants and the original lender's successor in interest, Copperfield Investments, LLC (hereinafter Copperfield), entered into an agreement of forbearance and restructure (hereinafter the forbearance agreement) whereby, if the defendants adhered to a schedule of lower monthly payments for a year, inter alia, Copperfield would reinstate the note and mortgage, the defendants would resume making regular payments, and the interest rate would revert from the higher default rate to the original rate. On November 1, 2006, the defendants entered into a loan modification agreement (hereinafter the modification agreement) with Copperfield's successor in interest, Private Capital Group, LLC (hereinafter PCG), pursuant to which, inter alia, the defendants would make monthly payments in a greater amount that included the unpaid principal balance and interest, and, in the event the defendants again defaulted in making their payments, PCG had the option to accelerate the loan. On July 13, 2009, PCG filed a supplemental summons and amended complaint in the 2005 action, alleging, inter alia, that the defendants had defaulted in making their monthly payment due October 1, 2006, and all those due thereafter. In the amended complaint, PCG "elect[ed] to call due the entire amount secured by the mortgage" and sought recovery of $440,514.79, that amount representing all of the monies secured by the mortgage.
In support of their cross motion, inter alia, for summary judgment dismissing the complaint insofar as asserted against them, the defendants submitted the original summons and complaint in the 2005 action, the modification agreement, and the supplemental summons and amended complaint filed on July 13, 2009, in the 2005 action. The defendants thus showed that the acceleration of the debt by the original lender in the 2005 action triggered the running of the statute of limitations on the entire debt (see U.S. Bank Trust, N.A. v Rudick, 172 AD3d 1430, 1431; Milone v US Bank N.A., 164 AD3d 145, 151). Based on that fact alone, the six-year statute of limitations would have expired on April 12, 2011 (see CPLR 213[4]), thus barring the instant foreclosure action, commenced almost five years later on April 1, 2016. However, the modification agreement, which the defendants submitted, had the effect of revoking the 2005 acceleration of the loan. "A lender may revoke its election to accelerate the mortgage, but it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period subsequent to the initiation of the prior foreclosure action" (HSBC Bank USA, N.A. v Gold, 171 AD3d 1029, 1030 [internal quotation marks omitted]; see 1081 Stanley Ave., LLC v Bank of N.Y. Mellon Trust Co., N.A., 179 AD3d 984). The modification agreement "evinced a clear intent by [PCG], with the [defendants'] knowledge and consent, to revoke [the lender's] prior election and reinstate the [defendants'] right to repay the underlying debt in monthly installments, subject to the new terms and conditions set forth in the [modification agreement]" (U.S. Bank Trust, N.A. v Rudick, 172 AD3d at 1431; see Milone v US Bank N.A., 164 AD3d at 151). As such, the modification agreement constituted an affirmative act of revocation sufficient to cancel the running of the statute of limitations triggered [*3]by the commencement of the 2005 action and to reinstate the note and mortgage (see U.S. Bank Trust, N.A. v Rudick, 172 AD3d at 1431; Freedom Mtge. Corp. v Engel, 163 AD3d 631, 633, lv granted in part 33 NY3d 1039).
That said, the defendants also submitted the supplemental summons and amended complaint filed on July 13, 2009, in the 2005 action. In the amended complaint, PCG elected to re-accelerate the debt, which started the running of a new six-year period.
The supplemental summons and amended complaint were filed without the required leave of court (see CPLR 3025[b]). However, PCG's counsel, in an affirmation dated October 9, 2013, submitted with a stipulation to discontinue the 2005 action and a stipulation cancelling the notice of pendency, agreed that the amended complaint, "while arguably insufficient as a pleading, provided that the loan was again accelerated," and stated that "[t]hus, the loan remains accelerated from July 22, 2009, the date the amended complaint was served up and delivered to [the defendants], as per the corresponding affidavits of service."
By the submission of these documents, the defendants established that the time in which to sue expired on July 22, 2015, six years after the service of the supplemental summons and amended complaint (see CPLR 213[4]), PCG's counsel having conceded that the loan was accelerated as of that time. Since the plaintiff did not commence this action until April 1, 2016, the defendants sustained their prima facie burden on that branch of their cross motion which was for summary judgment dismissing the complaint insofar as asserted against them as time-barred (see Deutsche Bank Trust Co. Ams. v Smith, 170 AD3d 660, 661).
In opposition, the plaintiff failed to raise a triable issue of fact. On appeal, the plaintiff failed to address the defendants' contention that the debt was re-accelerated through the service of the amended complaint in 2009. As the debt was re-accelerated and there is no evidence in the record of any "affirmative act of revocation occurring during the six-year statute of limitations period" subsequent to the re-acceleration of the loan on July 22, 2009 (HSBC Bank USA, N.A. v Gold, 171 AD3d at 1030), the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, for an order of reference, and for the disbursement of the fire insurance proceeds to it, and granted those branches of the defendants' cross motion which were for summary judgment dismissing the complaint insofar as asserted against them and for the disbursement of the fire insurance proceeds to them.
In light of the above, the parties' remaining arguments are academic.
SCHEINKMAN, P.J., BALKIN, CHAMBERS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court